```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
TROY MCRAE,

             Pro se Plaintiff,
                                           MEMORANDUM AND ORDER
        -against-
                                           12-CV-1537(KAM)
JOSEPH NORTON, DAVID DOE, and
ANDRE NOBLE,

             Defendants.
--------------------------------x
```
**MATSUMOTO, United States District Judge:**

On March 22, 2012, plaintiff Troy McRae ("plaintiff") filed this *pro se* action against defendants Joseph Norton, David Doe, and Andre Noble ("defendants") bringing claims of conspiracy, mail fraud, and tax evasion and alleging that defendants violated his constitutional rights by inducing him to assist defendants in the filing of false tax returns. (*See* ECF No. 1, Complaint ("Compl.") ¶ 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, the *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state to claim upon which relief may be granted.

## BACKGROUND

Plaintiff, who refers to himself in the complaint as "*ex rel* plaintiff," has previously sued defendants in a *pro se* action filed in this court on June 2, 2011. (Compl. ¶ 27.) In that prior

1

action, plaintiff brought claims pursuant to 42 U.S.C. §§ 1981 and 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, alleging that defendants violated his civil and constitutional rights by inducing him to assist them in the filing of false tax returns. *See McRae v. Norton*, No. 11-CV-2707 (KAM), 2011 U.S. Dist. LEXIS 89922, at *1 (E.D.N.Y. Aug. 11, 2011). On August 11, 2011, this court dismissed the prior action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because plaintiff's claims were time-barred. *Id.* at *10.

In the action presently before the court, plaintiff makes the same allegations as his previous action, *see id.* at *1-2, and indeed, several portions of the complaint in the prior action have been copied verbatim into the instant complaint. Specifically, plaintiff once again alleges that he was employed at defendant Norton's tax office from February to May of 1999 and February to May of 2000. (Compl. ¶¶ 7-10.) In the course of his employment at defendant Norton's tax office, plaintiff alleges that he was directed by defendants to obtain the names, dates of birth, and social security numbers of individuals and to forge signatures of individuals on state and federal tax return forms. (*Id.* ¶¶ 10, 14.) Plaintiff further alleges that defendant Norton's company was involved in a scheme to file false tax returns with state and federal governments

2

and to appropriate refunds totaling more than one million dollars using the information supplied by plaintiff and plaintiff's mailing address. (*Id.* ¶¶ 13, 14, 15, 18, 22.) Finally, plaintiff claims that he "had no other choice but to go along with what was requested" by defendants and alleges that defendants engaged in "acts of misleading employment services" by inducing him to assist them in the filing of false tax returns. (*Id.* ¶¶ 9, 18.)

For his claims of conspiracy, mail fraud, and tax evasion, plaintiff seeks a preliminary injunction to freeze defendants' bank accounts, compensatory damages totaling three times the loss suffered by the United States government as a result of defendants' tax fraud, and exemplary and/or punitive damages of $500,000. (*Id.* ¶¶ 23-26.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing plaintiff's complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

The court takes seriously any allegations of violations of an individual's constitutional rights, particularly where the litigant is proceeding *pro se* and may be unable artfully to describe the violations. *See McEachin v. McGuinnis*, 357 F.3d 197, 200-01 (2d Cir. 2004). There are limits, however, to how often the court can be asked to review the same allegations against the same parties. That limitation is recognized under the doctrine of *res judicata.*

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284-285 (2d Cir. 2000) (quoting *Allen v.*

*McCurry*, 449 U.S. 90, 94 (1980)).  Specifically, the doctrine of *res judicata* precludes a party from asserting a claim in subsequent litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."  *Id.* (citations omitted).  A District Court may *sua sponte* raise the issue of *res judicata*, *see Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (summary order), and the Second Circuit has held that that "*res judicata* applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action."  *Bey v. City of New York*, No. 10-4107-cv, 2011 U.S. App. LEXIS 25109, at *12 (2d Cir. N.Y. Dec. 19, 2011) (summary order) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-06 (2d Cir. 2002) (per curiam)).

Contrary to plaintiff's assertion that this action involves different allegations and charges than the prior action brought by plaintiff (*see* Compl. ¶ 27), this action is barred by the doctrine of *res judicata*.  First, the dismissal of the previous *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted can have a *res judicata* effect on a subsequent action brought *in forma pauperis* that is based on the same events as the previous action.  *See Cieszkowska*,

5

295 F.3d at 205-06 (affirming the dismissal of an *in forma pauperis* complaint on *res judicata* grounds where the plaintiff's prior complaint arising out of the same events, albeit raising a different legal theory, had been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).  Second, both the instant action and the previous action involve the same plaintiff.  Third, the claims asserted in this action could have been raised in the prior action. *See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) ("Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.'" (citation omitted)).  Indeed, plaintiff's claims in this action are based on the same factual predicates as his claims in the previous action as both actions involve the same defendants, the same periods of employment by defendant Norton's tax company, the same tax fraud scheme allegedly perpetrated by defendants, and the same allegations regarding defendants' conduct with respect to plaintiff's employment.

   The only difference between the two actions is that the previous action brings claims pursuant to 42 U.S.C. §§ 1981 and 1983 and RICO, 18 U.S.C. §§ 1961 *et seq.*, and the present action brings claims for conspiracy and mail fraud pursuant to the Unites States Criminal Code, 18 U.S.C. §§ 371 and 1341, respectively, and for tax

6

evasion pursuant to the Internal Revenue Code, 26 U.S.C. § 7201. (*See* Compl. ¶ 1). As the Second Circuit has held, however, "[e]ven claims based upon different legal theories are barred [by *res judicata*] provided they arise from the same transaction or occurrence." *Cieszkowska*, 295 F.3d at 205 (citation omitted).

Accordingly, because plaintiff's prior action in this court, which was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), involved the same parties and the same factual predicates for plaintiff's claims as the present action, plaintiff could have raised his current claims in the prior action and this action brought *in forma pauperis* is thus barred by the doctrine of *res judicata* and dismissed. *See Lopez v. Jet Blue Airways*, No. 12-CV-0057, 2012 U.S. Dist. LEXIS 8162, at *2 (E.D.N.Y. Jan. 24, 2012) ("When an *in forma pauperis* action is res judicata, it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal." (citing *Cieszkowska*, 295 F.3d at 205)).

Alternatively, plaintiff's claims for conspiracy and mail fraud pursuant to 18 U.S.C. §§ 371 and 1341, respectively, must be dismissed for failure to state a claim upon which relief may be granted because those criminal statutes do not create private rights of action upon which plaintiff may recover. *See Kashelkar v. Bluestone*, 306 F. App'x 690, 692 (2d Cir. 2009) (summary order) ("18

7

U.S.C. § 1341 does not create a private right of action" (citing *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989))); *D'Amato v. Rattoballi*, 83 F. App'x 359, 360 (2d Cir. 2003) (summary order) (affirming district court's holding that plaintiff cannot recover damages under 18 U.S.C. §§ 371 or 1622 "because these criminal statutes, standing alone, do not provide for civil remedies"); *Hom v. Brennan*, 304 F. Supp. 2d 374, 382 (E.D.N.Y. 2004) (finding that 18 U.S.C. § 371 does not create a private right of action).

Additionally, to the extent plaintiff seeks to recover tax refunds fraudulently obtained by defendants from the government pursuant to 26 U.S.C. §§ 7201 *et. seq.* of the Internal Revenue Code (Compl. ¶¶ 1, 22, 25), this claim must also be dismissed for failure to state a claim upon which relief may be granted because there is no private right of action to recover taxes on behalf of the government.  *See* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."); *United States ex rel. Lissack v. Sakura Global Capital Mkts., Inc.*, 377 F.3d 145, 153, 157 (2d Cir. 2004) (stating that "[t]he conclusion that the IRS has exclusive jurisdiction over tax matters stems in part from § 7401

8

of the Tax Code" and holding that plaintiff cannot assert a claim under the False Claims Act where the claim asserted "depends entirely upon establishing a violation of the Tax Code and the IRS has authority to recover the exact amounts [plaintiff] seeks to recover"); *United States ex rel. U.S.-Namibia (Southwest Africa) Trade & Cultural Council, Inc. v. Africa Fund*, 588 F. Supp. 1350, 1351 (S.D.N.Y. 1984) ("The *qui tam* statute does not authorize a private party to override section 7401 to recover penalties or damages allegedly sustained by the government by virtue of false income tax statements."); *see also Seabury v. City of New York*, No. 06-CV-1477 (NGG), 2006 U.S. Dist. LEXIS 32083, at *17 (E.D.N.Y. May 18, 2006) ("Federal courts have consistently refused to imply a private cause of action under the tax laws . . . .")

## CONCLUSION

For the reasons set forth above, the court dismisses the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court

is respectfully requested to enter judgment, close this case, and serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
April 13, 2012

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge