UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------x
TROY MCRAE,

        *Pro se* Plaintiff,

      -against-

JOSEPH NORTON, DAVID DOE, and
ANDRE NOBLE,

        Defendants.
--------------------------------x

**MEMORANDUM AND ORDER**

12-CV-1537(KAM)

**MATSUMOTO, United States District Judge:**

On March 22, 2012, plaintiff Troy McRae ("plaintiff") filed this *pro se* action against defendants Joseph Norton, David Doe, and Andre Noble (collectively, "defendants") bringing claims of conspiracy, mail fraud, and tax evasion and alleging that the defendants violated his constitutional rights by inducing him to assist the defendants in the filing of false tax returns.

In a Memorandum and Order dated April 13, 2012, the court found that the action was barred by the doctrine of *res judicata* and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state to claim upon which relief may be granted. (*See* ECF No. 4, Memorandum and Order); *McRae v. Norton*, No. 12-cv-1537, 2012 U.S. Dist. LEXIS 52494 (E.D.N.Y. Apr. 13, 2012). Specifically, the court found that "plaintiff's claims in this action are based on the same factual predicates as his claims in the previous action [*see McRae v. Norton*, No. 11-CV-2707 (KAM), 2011 U.S. Dist. LEXIS 89922

1

(E.D.N.Y. Aug. 11, 2011)] as both actions involve the same defendants, the same periods of employment by defendant Norton's tax company, the same tax fraud scheme allegedly perpetrated by defendants, and the same allegations regarding defendants' conduct with respect to plaintiff's employment." *McRae*, 2012 U.S. Dist. LEXIS 52494, at *7.

Two weeks later, on April 30, 2012, plaintiff filed the instant "Reconsideration of Judgment." (*See* ECF No. 6, Motion for Reconsideration of Judgment ("Pl.'s Mot.").)  The court will liberally construe plaintiff's motion as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure since it was filed within twenty-eight days of the judgment.[1]  *See* Fed. R. Civ. P. 59(e).  For the following reasons, plaintiff's motion for reconsideration is denied.

<u>**STANDARD OF REVIEW**</u>

"The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court, and 'is an

---

[1]  Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3.  *See, e.g.*, *Shecard v. Geithner*, No. 09-CV-0963 (JS), 2010 U.S. Dist. LEXIS 53255, at *2-4 (E.D.N.Y. May 30, 2010).  Plaintiff does not specify under which Rule he seeks reconsideration.  Because plaintiff has not provided any arguments that, liberally construed, fall into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5) or present "exceptional circumstances" or "extreme hardship" justifying relief under the catch-all provision of Rule 60(b)(6), *see Frantz v. United States Dep't of Defense*, 260 F. App'x 325, 325 (2d Cir. 2007) (summary order), the court will treat plaintiff's submission as a motion for reconsideration under Rule 59(e).

extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011) (citations omitted).  In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3 (requiring that a party moving for reconsideration set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked").  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

        "It is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" *Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football L.P.*, 409 F. App'x 401,

403 (2d Cir. 2010) (summary order) (citations omitted); *see also Vornado Realty Trust v. Castlton Envtl. Contrs., LLC*, No. 08-CV-04823 (DLI)(JO), 2011 U.S. Dist. LEXIS 132086, at *5 (E.D.N.Y. Nov. 16, 2011) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion." (citations omitted)); *Torres v. Carry*, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply [Local Rule] 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."); *Cordero*, 574 F. Supp. 2d at 380 ("[N]either Rule 59(e) or Local Civil Rule 6.3 . . . is an appropriate vehicle . . . to advance new facts, issues, or arguments not previously presented to the court." (citation omitted) (internal quotation marks omitted)).

## DISCUSSION

Having reviewed plaintiff's motion, the court finds that it does not satisfy the demanding standard for reconsideration under Rule 59(e). Plaintiff has not cited, nor does the court find, any error of law or facts that the court overlooked in dismissing the case, or any change in governing law. Moreover, plaintiff does not allege, nor does the court find, that reconsideration is warranted

to prevent manifest injustice or that there is any newly available evidence.

In filing this action, his second complaint against the defendants, plaintiff stated that it was his intention "for the U.S. gov[ernment] to carry through with the actions." (Pl.'s Mot. at 5.) Additionally, plaintiff argues that the "United States government cannot be held to the doctrine of *res judicata* because they are the actual actors in the complaint . . . ." (*Id.* at 6.) As stated in the court's Memorandum and Order dismissing this action, however, the plaintiff cannot bring a private right of action against the defendants for claims of conspiracy and mail fraud pursuant to 18 U.S.C. §§ 371 and 1341, respectively, or to recover taxes on behalf of the government. *McRae*, 2012 U.S. Dist. LEXIS 52494, at *9-11. In other words, the plaintiff may not seek prosecution of the defendants by filing a civil action because a private citizen may not initiate federal criminal prosecutions. Whether to initiate a criminal prosecution is a decision solely within the discretion of the prosecutor. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (citation omitted)).

Accordingly, because the plaintiff has failed to provide the court with any basis for reconsideration that would alter the

5

conclusions reached by the court in its April 13, 2012 Memorandum and Order, the motion for reconsideration is denied.

## <u>CONCLUSION</u>

For the reasons set forth above, plaintiff's motion to reconsider the court's Memorandum and Order dismissing the complaint is denied.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**SO ORDERED.**

Dated:    Brooklyn, New York
          May 16, 2012

                                        /s/
                              KIYO A. MATSUMOTO
                              United States District Judge

6